SASSEEN
vs.
HAMMOND.

---

Case 31.

MOTION FOR A
WRIT OF PROHI-
BITION.

## Sasseen vs. Hammond.

APPEAL FROM TRIGG CIRCUIT.

1. Proceedings for prohibition can only be instituted in the court of appeals in cases in which, in the exercise of appellate jurisdiction, it has the power of controlling the inferior court by a *direct* revision of its judicial acts. (*Arnold, &c., vs. Shields, &c*, 5 *Dana*, 18.)

2. This court will not grant a writ of prohibition in a case in which it has no appellate jurisdiction, the amount in controversy not being

sufficient. Nor is a writ of prohibition the appropriate proceeding in a court of merely appellate jurisdiction, inasmuch as its revisory power can afford relief without a resort to such proceedings.

CASE STATED.

George, of color, instituted a suit in the Trigg circuit court against T. W. Hammond, to recover his freedom. Hammond answered, denying George's right to freedom, and made his answer a cross-bill against Sasseen and others, alledging that he purchased George from Sasseen, and claiming a decree against Sasseen for the price given for George in case he should establish his right to freedom. Sasseen answered the cross-bill, and denied that George was a free man, and also denying his liability to Hammond. At the fall term, 1855, or spring term, 1856, a final decree was rendered declaring George a free man, and also a decree on Hammond's cross-bill against Sasseen on his warranty of title to George. From those decrees Hammond and Sasseen severally appealed, and on the 7th October, 1856, the decrees of the circuit court were affirmed, but without damages against Sasseen. At the February term, 1857, of the Trigg circuit court, the mandate of this court was entered of record. At the September term, 1857, Hammond moved the court to award to him a judgment for 10 per cent. damages upon his decree upon his cross-bill against Sasseen, which had been affirmed by the court of appeals, and the court entered the judgment for the 10 per cent. accordingly, which amounted to a sum under $100, and no appeal lies. Sasseen, by his counsel, moved the court of appeals for a writ of prohibition to prevent the Trigg circuit court from carrying that judgment into effect.

*Phelps and McKee*, for the motion—

At the time the circuit court undertook to enter the judgment for 10 per cent. damages upon the decree which had been affirmed, there was no case depending between the parties. The case had been finally decided in the court of appeals by an affirmance of the decree of the Trigg circuit court, and the

mandate of the court of appeals entered of record, which finally ended the controversy, and this had been done at a previous term of the court.

It is not necessary to cite authority to prove to this court that the circuit court has no power to award damages in any case where this court affirms a decree or judgment of the circuit court, unless it is so directed by the mandate of this court, and when it is directed, is bound to do so. (7 *J. J. Marshall*, 331.)

It is peculiarly unjust and improper that Hammond should have damages in this case. He had appealed from the decree declaring George to be free, and upon that decree was based his decree on his crossbill against Sasseen. If any delay occurred it was the result of his own act, by appealing from the decision in behalf of George—both Hammond's and Sasseen's appeals went up together to the court of appeals, and were decided at the same term.

As the judgment for the ten per cent. does not amount to $100, we have no right of appeal. It is a case requiring a remedy. We ask this court for a writ of prohibition, or such other appropriate writ as may compel the circuit court to suspend or set aside the proceeding complained of.

**Jan. 15, 1858.**

Judge SIMPSON delivered the opinion of the court.

In the case of *Arnold et al. vs. Shields et al.* (5 *Dana*, 18,) it was said, that if a proceeding for prohibition may be instituted in the court of appeals, it could be done only in a case in which, in the exercise of its appellate jurisdiction, it has the power of controlling the inferior court by a *direct* revision of its judicial acts.

1. Proceedings for prohibition can only be instituted in the court of appeals in cases in which, in the exercise of appellate jurisdiction, it has the power of controlling the inferior court by a *direct* revision of its judicial acts. (*Arnold, &c., vs. Shields, &c.* 5 *Dana*,18.)

This proposition is undeniably correct, for if this court has no appellate jurisdiction in the case, of which the circuit court is improperly taking cognizance, it has no jurisdiction over the case at all, and consequently cannot interfere with the action of the circuit court by writ of prohibition.

This view, of itself, would make it necessary to overrule the motion in this case, as the amount for which judgment has been rendered by the circuit court is not sufficient to give this court jurisdiction over it. But we are inclined to the opinion that a writ of prohibition is not an appropriate proceeding in a court of merely appellate jurisdiction, inasmuch as the revisory power of such a court can afford adequate relief, without a resort to a proceeding of that character. And this conclusion is very much strengthened by the definition of a writ of prohibition, which is given in the Code of Practice, (*section* 528,) where it is said to be an order from the circuit court to an inferior court of limited jurisdiction, prohibiting it from proceeding in a matter out of its jurisdiction.

Wherefore, the motion for a writ of prohibition is overruled.

2. This court will not grant a writ of prohibition in a case in which it has no appellate jurisdiction, the am't in controversy not being sufficient. Nor is a writ of prohibition the appropriate proceeding in a court of merely appellate jurisdiction, inasmuch as its revisory power can afford relief without a resort to such proceedings.